IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FREDERICK WASHINGTON                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:15CV124-SA-DAS

CITY OF NETTLETON, et al.                                                              DEFENDANTS

ORDER

This matter arises from Defendants' Motion in Limine. Specifically, the Defendants seek to exclude from the trial of this case any mention of the following: (1) the Defendant A.D. Heard's "prior marriages and children;" (2) the Defendant Heard's prior arrest and extradition on a charge of forgery in 1966; (3) the Defendant Heard's education and law enforcement training; and (4) the "psychological condition" and the termination of the employment of Officer Philip Smith.

As to Defendants' objection to the mention of A.D. Heard's prior marriages and children, Plaintiff states that he does not intend to mention this matter during opening or closing statements or solicit testimony of that nature. Plaintiff asserts that the information was relevant for jury selection purposes, only. Therefore, this complaint is moot.

Regarding the second exclusion, at this point there is no evidence that Defendant Heard was ever actually convicted of any crime related to the arrest. Plaintiff argues that it would be admissible for impeachment purposes if evidence were found. Even assuming that evidence regarding a conviction could be found, the arrest was over fifty years ago. It is well settled that Rule 609(b) "establishes a presumption against the use of more than 10-year-old convictions." Fed. R. Evid. 609(b); *see*, *e.g., United States v. Cathey*, 591 F.2d 268, 275 (5th Cir. 1979).. Though Plaintiff asserts that the balancing test shows that the arrest is admissible, "[i]t is only

when the court admits evidence of a conviction over ten years old that the court must engage in a balancing test on the record." *United States v. Estes*, 994 F.2d 147, 149 (5th Cir. 1993) (citing *Cathey,* 591 F.2d at 275). The evidence will not be admitted, for it is unsubstantiated, its relevance is tenuous, and it is too old.

Plaintiff next asserts that Defendant Heard's education and law enforcement training is relevant because his words and actions are central to the outcome of the case. Defendant argues that evidence of Defendant Heard's training will cause unfair prejudice and confusion, and therefore it should be excluded. The Court finds that Heard's training may be relevant. *See* FED. R. EVID. 401. It may be indicative of failures or successes, not only on his part, but also on the Defendant City of Nettleton's part regarding employee relations. Furthermore, its probative value is not substantially outweighed by its prejudicial effect. *See* FED. R. EVID. 403.

Finally, Defendant argues that Officer Smith's psychological condition is irrelevant, as are the circumstances surrounding his termination. Conversely, Plaintiff argues that this information is pivotal. Because Plaintiff reported Officer Smith as unfit for duty, Officer Smith purportedly began spreading race-based rumors about Plaintiff, some of which caused an investigation into Plaintiff's activities and caused his ultimate termination. Furthermore, Officer Smith serves as a comparator for whom Plaintiff has attempted to show disparate treatment. Therefore, the Court finds evidence regarding whether Officer Smith was unfit for duty to be relevant to the ultimate issue. FED. R. EVID. 401. It follows that Officer Smith's work history and termination are relevant and admissible, as well. *Id*. Therefore, Defendant's Motion in Limine is GRANTED in part and DENIED in part.

IT IS SO ORDERED, this the 30th day of August, 2017.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE